IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.                                                   CIV 06-0880 MV/KBM
                                                      CR 05-2098 MV

LUIS RAUL PEREZ-NUNEZ,

    Defendant-Movant.

# **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

       This matter is before the Court on Defendant's § 2255 petition, as well as the "reply" that I authorized him to file. For the most part, the various claims raised in these two documents are based on Defendant's contention that he did not commit the crime of illegally entering the United States. The government maintains that Defendant and three others were arrested in Columbus after being spotted by Border Patrol video surveillance crossing the border. According to Defendant, however, a Border Patrol Agent approached the group on the Mexico side of the border and lured them into the United States with the promise of water, gifts and money in exchange for helping the agent. *See Docs. 1, 8.*

       Defendant had previously entered this country illegally on two other occasions and was deported each time. He has a criminal history of arrests and/or convictions in the United States for drug trafficking offenses and violence against women. *See, e.g, Presentence Report.* Thus, he was no newcomer to the American system of justice. Perez-Nunez faced a statutory maximum term of incarceration of twenty years plus a three-year term of supervised release if convicted as

an aggravated felon who then returned to the United States after being deported.  *See* 8 U.S.C. §§ 1326(a)(1) & (2) and (b)(2).

## The Plea Agreement

Under the Sentencing Guidelines, Defendant faced a potential sentence of 46-57 months based on an offense level of 21 after including a three-level reduction for acceptance of responsibility.  Defendant and his attorney, however, negotiated a plea agreement pursuant to FED. R. CRIM. P. 11(c)(1)(C) that fixed his total offense level at 19 pursuant to the government's early disposition program to "fast track" the case.[1]  *See United States v. Perez-Nunez,* CR 05-2098 MV (*Doc. 12* at ¶¶ 8(a)-(b), ¶¶ 11(c)-(d)) (hereinafter "*Plea Agreement*").

The criminal history category was to be "determined by the Court" after the preparation of a Presentence Report.  *Plea Agreement* at ¶ 7.  At sentencing, Chief Judge Vázquez noted that Defendant's criminal history category for his "very serious criminal history . . . probably should be higher than a III." *Sentencing Transcript* at 12.  Still, she sentenced Defendant at the level III criminal history category as assessed by probation.  The applicable range was therefore 37 to 46 months, and she imposed a 37-month sentence of imprisonment.  The plea deal saved Defendant at least nine months incarceration if he had been found guilty at trial.  *See id.* at 14; *see also Presentence Report* at 12.

The plea agreement contained other stipulations.  For example, having waived an indictment, Defendant agreed to plead guilty to the information charging him with having been

---

[1] *See also Docs. 16-19* (United States' motions for downward adjustments); *Sentencing Transcript* at 14-16 (potential sentence under Guidelines and motions filed by United States were those "contemplated in the plea agreement"); *Presentence Report* at 5-6 (adjusted offense level of 24 reduced three levels for acceptance of responsibility for a total offence level of 21 and further reduced by plea agreement to level 19).

convicted of the aggravated felony of possession with intent to distribute cocaine, deported for it, and illegally reentered thereafter. *See United States v. Perez-Nunez,* CR 05-2098 MV *(Docs. 5,6, 9, 10)*; *Plea Agreement* at ¶ 3.[2] Of special importance at this juncture, Perez-Nuneze also waived a direct appeal of his sentence and any collateral attack on the conviction except for ineffective assistance of counsel issues. *Id.,* ¶ 10.

### The Effect of the Waiver of Appeal

Defendant's submissions are somewhat rambling. Taken in context, they do not dwell on an ineffective assistance of counsel claim for failing to perfect an appeal, but instead on trial counsel's alleged failure to investigate Defendant's claim of actual innocence. However, neither I nor the United States can ignore the portion of his § 2255 petition where such a claim plainly emerges. *See Doc. 1* at 6 (§ 2255 petition states "denial of Ineffective Assistant of Counsel and A denial of a right to an appeal after the sentence" in Claim Four); *id.* at 7 (§ 2255 petition states that counsel "<u>refused</u> to file" an appeal in response to standard question whether an appeal was filed) (emphasis added); *Doc. 5* at 3 ("he asserts that his attorney did not explain the appeal process or told him that he could not appeal").

In *Roe v. Flores-Ortega,* 528 U.S. 470 (2000) (hereinafter *"Flores-Ortega"*), the U.S. Supreme Court provided the standard for claims that counsel was ineffective for failing to file an appeal. Some courts have indicated that a *Flores-Ortega* claim is not actionable when the plea

---

[2] Defendant further agreed that he was "not a citizen of the United States" with "no legal immigration status within the United States." *Plea Agreement* at ¶ 8(d). He also recognized that the plea agreement "already has conferred a benefit" on him, "no downward departure is appropriate," and he would "not seek a downward departure or 'adjustment' or 'deviation' from the applicable sentencing guideline." If he did, the United States reserved the right to withdraw the plea agreement. *Id.,* ¶ 8(e). Further, Perez-Nunez also waived any challenge to reinstatement of his prior deportation/removal order. *Id.,* ¶ 8(c).

agreement waives direct appeal, particularly where, as here, the only basis preserved for appeal is ineffective assistance of counsel.[3] *Flores-Ortega* does not hold to the contrary.[4] However, there is a split of authority, and the Tenth Circuit holds otherwise.

> Mr. Garrett's appellate rights have been significantly limited by his waiver, but the waiver does not foreclose all appellate review of his sentence. *See Hahn,* 359 F.3d at 1318. If Mr. Garrett actually asked counsel to perfect an appeal, and counsel ignored the request, he will be entitled to a delayed appeal. *See Snitz,* 342 F.3d at 1157. This is true regardless of whether, from the limited perspective of collateral review, it appears that the appeal will not have any merit. *Flores-Ortega,* 528 U.S. at 477, 484-85; *Snitz,* 342 F.3d at 1155-56. Any resulting criminal appeal will initially be evaluated under the summary procedure and analysis described in *Hahn,* 359 F.3d at 1328.

*United States v. Garrett,* 402 F.3d 1262, 1266-67 (10th Cir. 2005). Thus, under binding precedent, even if a defendant waived right to appeal in plea agreement, he may still be entitled to evidentiary hearing to determine whether he actually requested that counsel file notice of appeal and counsel failed to do so. *Id.*

---

[3] *See, e.g., Durkin v. United States,* 2006 WL 90074 at *7 (N.D. Ohio 2006) ("Petitioner was able to request that his trial counsel file a direct appeal on two bases: (1) ineffective assistance of counsel, and (2) prosecutorial misconduct. With regard to the former, the Sixth Circuit generally dismisses such claims when raised for the first time on appeal."); *United States v. Walker,* 2005 WL 2230082 at *2 (S.D. Ind. 2005) ("Walker waived what would otherwise have been his right to file a direct appeal. Under these circumstances, his contention that his attorney was ineffective by not appealing is unavailing. The same conclusion is reached, as to the § 2255 claims other than that he was denied the effective assistance of counsel, as to the filing of the § 2255 action itself."); *Tian v. United States,* 2005 WL 1713056 (S.D.N.Y. July 22, 2005); *United States v. Mendez,* 2005 WL 1572327 (M.D. Fla. 2005) ("Mendez's claim that counsel was ineffective for not filing a notice of appeal is without merit. Counsel is not ineffective for failing to file a notice of appeal, even when asked to do so, if the plea agreement contains an appeal waiver.").

[4] *See Flores-Ortega,* 528 U.S. at 480 ("Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights."); *id.* at 489, n.1 (Souter, J., dissenting in part) ("Finally, of course, there is no claim here that Flores-Ortega waived his right to appeal as part of his plea agreement").

Because the issue of whether Defendant requested counsel to file a notice of appeal cannot be resolved on the present record, this Court is required to hold a hearing. *See id.* at 1267; *see also Doc. 5* (counsel's affidavit does not address the issue of whether or not Defendant asked him to appeal); *Doc. 8* at 2, (Defendant's reply claiming his waiver of appeal rights was invalid); *id.* at 17 (asking Court to "strike" the United States' response, claiming counsel's affidavit is "false").

Wherefore,

**IT IS HEREBY RECOMMENDED AS FOLLOWS:**

1. The Federal Public Defender be appointed to further represent Petitioner in this matter; and

2. Upon entry of appearance, counsel for Petitioner and counsel for the United States confer to ascertain whether the matter can be resolved informally and, if not, inform the Magistrate Judge of appropriate dates for the evidentiary hearing and/or briefing schedule.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE

5